UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY GRANT JACKSON,

      Petitioner,

v.                                      Case No. 6:12-cv-1746-Orl-31KRS
                                       (6:08-cr-54-Orl-31KRS)

UNITED STATES OF AMERICA,

      Respondent.

_____

## ORDER

      This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Anthony Grant Jackson. The Government filed a response (Doc. No. 4) to the section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts.* Petitioner filed a reply and notice of supplemental authority to the Government's response (Doc. Nos. 9 & 10).

      Petitioner alleges six claims for relief. For the following reasons, the § 2255 motion is denied.

### I.   *Procedural History*

      Petitioner was charged by indictment with unlawfully possessing a firearm and ammunition as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), (e)(1).

(Criminal Case No. 6:08-cr-54-Orl-31KRS, Doc. No. 1).[1]  On November 6, 2008, Petitioner entered a plea of guilty before Magistrate Judge Karla R. Spaulding.  (Criminal Case Doc. No. 81.)  Magistrate Judge Spaulding filed a Report and Recommendation, recommending that the plea be accepted and that Petitioner be adjudicated guilty (Criminal Case Doc. No. 52).  This Court accepted the plea and adjudicated Petitioner guilty (Criminal Case Doc. No. 56).  A sentencing hearing was conducted, and on March 17, 2009, the Court entered a Judgment in a Criminal Case, sentencing Petitioner to a 180-month term of imprisonment to be followed by three years of supervised release (Criminal Case Doc. No. 72).

Petitioner appealed his conviction and sentence.  The Eleventh Circuit Court of Appeals affirmed.  The Supreme Court of the United States vacated and remanded for further consideration in light of *Johnson v. United States,* 130 S. Ct. 1265 (2010).  The Eleventh Circuit affirmed Petitioner's conviction and sentence on remand.  *United States v. Jackson,* 440 F. App'x 857 (11th Cir. 2011).  Petitioner filed a petition for writ of certiorari, which was denied.

## II.  *Legal Standard*

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.  *Id*. at

---

[1]Criminal Case No. 6:08-cr-54-Orl-31KRS will be referred to as "Criminal Case."

687-88.  The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance.  *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Strickland*, 466 at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial.  Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.  *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy.  We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.     Analysis

### A.     Claim One

Petitioner asserts he was denied effective assistance of counsel prior to being indicted in the federal court.  In support of this claim, Petitioner maintains that his state defense attorney, who represented him after he was arrested by state officials, failed to advise him that his case would be referred to federal authorities if he did not accept the State's plea offer.  He also complains that his state defense attorney failed to explain federal suppression law and failed to move to suppress the firearm pursuant to Florida law.  (Doc. No. 1 at 14-15.)  Petitioner further contends that his state defense attorney did not advise him about the sentence he would face if charged and convicted in federal court.  *Id.*

Initially, the Court notes that this claim is speculative at best.  There is no indication that Petitioner's state defense attorney knew that federal charges would be filed against Petitioner if he refused the State's plea offer.  Moreover, Petitioner's state defense attorney could not be expected to advise Petitioner of his potential sentence exposure for an uncharged offense or about federal suppression law given that Petitioner was facing state charges.  Finally, Petitioner has not explained how his state defense attorney's failure to move to suppress the firearm in state court based on Florida law would have prevented the filing of a federal charge or resulted in the suppression of the firearm in this Court.  Petitioner's counsel in this Court filed a motion to suppress all evidence, and the motion was denied.  *See* Criminal Case Doc. Nos. 35 & 38.  In sum, Petitioner has not demonstrated either deficient performance or prejudice.  Accordingly, claim one is denied.

B.    *Claims Two and Four*

In claim two, Petitioner contends that the Armed Career Criminal Act ("ACCA") is unconstitutional.   In claim four, Petitioner asserts that the Government's "use of the varying standards for exclusion of evidence violate [sic] [his] due process and fair trial rights."  (Doc. No. 1 at 21.)

A federal criminal defendant who does not preserve a claim by objecting at trial or raising the matter on direct appeal is procedurally barred from raising the claim in a § 2255 action.  *Jones v. United States*, 153 F.3d 1305, 1307 (11th Cir. 1998).  Procedural default may be excused, however, upon a showing of cause and prejudice or a fundamental miscarriage of justice.  *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994).  "Under the cause and prejudice exception, a § 2255 movant can avoid application of the procedural default bar by show[ing] cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error."  *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (*Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004)).  To demonstrate cause for failing to raise a claim in an earlier proceeding, a petitioner must establish "'some external impediment preventing counsel from constructing or raising the claim.'"  *High v. Head*, 209 F.3d 1257, 1262-63 (11th Cir. 2000) (quoting  *McCleskey v. Zant*, 499 U.S. 467, 497 (1991)).  To show prejudice, the petitioner must demonstrate that the error complained of "'actually and substantially disadvantaged his defense so that he was denied fundamental fairness.'"  *Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (*McCoy v. Newsome*, 953 F.2d 1252, 1261 (11th Cir. 1992)).   A defendant may demonstrate application of the fundamental

miscarriage of justice exception by demonstrating "actual innocence." *McKay*, 657 F.3d at 1196. "'[A]ctual innocence' means *factual* innocence, not mere legal insufficiency." *Id.* at 1197 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)) (emphasis in original).

In the instant case, Petitioner did not raise these claims on direct appeal. Furthermore, Petitioner has not demonstrated cause and prejudice to overcome his procedural default nor has he established he is actually innocent. *See, e.g., McKay*, 657 F.3d at 1196–98 (holding that a petitioner must establish that he is factually innocent of one of his prior convictions to establish application of fundamental miscarriage of justice exception to overcome procedural bar for claim of sentencing error based on career offender designation).

Finally, assuming claim two is not procedurally barred from review as it may have been raised on direct appeal and is premised on changes in the law pursuant to *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151, 2163, 186 L. Ed. 2d 314 (2013)[2] and *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013),[3] Petitioner is not entitled to relief. The Supreme Court has stated that "a new rule is not 'made retroactive to cases

---

[2]*Alleyne* overruled *Harris v. United States*, 536 U.S. 545 (2002) and held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155.

[3]*Descamps* held that the California burglary statute is nondivisible and thus the district court could not apply the modified categorical approach in determining if the prior conviction was a predicate offense under the ACCA. 133 S. Ct. at 2285–86.

on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001); *see also Spencer v. United States*, 727 F.3d 1076, 1091 (11th Cir. 2013) (holding that "allowing a first, timely-filed motion under section 2255 where a new Supreme Court decision has been given retroactive effect, and where the prisoner has preserved the issue of career offender categorization at both original sentencing and appeal," is permissible but only "if the new decision is retroactive").  The Supreme Court has not held that *Alleyne* or *Descamps* is retroactively applicable to cases on collateral review, and this Court has not located any cases applying *Alleyne* or *Descamps* retroactively to cases on collateral review.  *See, e.g., Roscoe v. United States*, Nos. 2:11-cr-97-JHH-RRA, 2013 WL 5636686 (N.D. Ala. Oct. 16, 2013) (refusing to apply *Descamps* retroactively in § 2255 motion); *Owens v. United States*, No. 1:09-cr-286-RWS-JFK-1, 2013 WL 6800193 (N.D. Ga. Dec. 20, 2013) (holding that *Alleyne* does not apply retroactively to § 2255 motion). Accordingly, claims two and four are barred from review, and alternatively, claim two is denied.

### B.     Claim Three

Petitioner asserts that his plea was involuntary.  In support of this claim, Petitioner contends that had he known that the Court could not sentence him to less than fifteen years, he would not have entered a plea of guilty.

This claim is refuted by the record.  At the plea hearing, the Court advised Petitioner as follows: "The maximum penalty you face if you plead guilty is a term of imprisonment of up to -- a minimum mandatory term of imprisonment of 15 years up to life

imprisonment. . . ." (Criminal Case Doc. No. 81 at 9.)  After defense counsel sought to

clarify the sentence to which Petitioner was subject and a subsequent recess was taken to

rectify any confusion, the following colloquy occurred:

> The Court:  Ordinarily that offense would carry a maximum penalty of up to ten years in jail. . . .  However, for an individual who has three previous violent felony or serious drug offense convictions committed on different occasions, if that's established, then the penalty becomes a minimum mandatory of 15 years in jail up to life imprisonment. . . .  Now, as Mr. Skuthan correctly said when we left off this morning, it will be up to the district judge to decide whether your prior criminal history qualifies for that enhanced sentence which is called the armed career criminal sentence.  I don't know today.  I don't have the facts before me and I'm not the one who would make that decision anyway.  So what is important for you to understand is if you plead guilty and the judge decides you are an armed career criminal, that you meet those other factors, you wouldn't then be able to say I want to withdraw my guilty plea and go back to trial. Understand?
>
> [Petitioner]:  Yes, ma'am.

*Id.* at 14-15.  Thus, contrary to Petitioner's assertion, prior to entering his plea, Petitioner

was advised that he would be subject to a fifteen-year minimum mandatory sentence if the

ACCA was determined to apply at sentencing.  Petitioner affirmed that he understood this.

Petitioner's representations constitute "a formidable barrier in any subsequent collateral

proceedings.  Solemn declarations in open court carry a strong presumption of verity."

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  Accordingly, claim three is denied.

D.      *Claim Five*

Petitioner maintains that counsel rendered ineffective assistance at sentencing.[4]   In support of this claim, Petitioner maintains that counsel failed to object to the use of his 1990 conviction for delivery of cocaine as a predicate offense under the ACCA.  (Doc. No. 1 at 22.)

The transcript from the sentencing hearing establishes that counsel adamantly argued against application of the ACCA.  Counsel objected to the use of Petitioner's convictions for resisting an officer without violence and delivery of cocaine as predicate offenses.  (Criminal Case Doc. No. 76 at 1-14.)  Counsel further objected to application of the ACCA because the predicate offenses were not admitted by Petitioner or found by a jury.  *Id*. at 14-16.  Nevertheless, the Court found that Petitioner's prior offenses were predicate offenses under the ACCA and overruled all of counsel's objections to the application of the ACCA.  *Id*.

Furthermore, at the time of Petitioner's sentencing, the Eleventh Circuit had concluded that delivery of cocaine under Florida law qualifies as a serious drug offense under the ACCA.  *See United States v. Pitts*,  394 F. App'x 680, 683-84 (11th Cir. 2010) (citing 18 U.S.C. § 924(e)(2)(A)(ii)); *see also United States v. Bailey,* 522 F. App'x 497 (11th Cir. 2013) (holding that when the judgments indicate that prior Florida convictions were for "sale or

_____

[4]Petitioner also asserts that this Court erred by failing to independently examine whether his prior offenses were predicate offenses under the ACCA.  (Doc. No. 1 at 22.) This claim, however, is procedurally barred because it should have been raised on direct appeal.  Petitioner has not established cause or prejudice or a fundamental miscarriage of justice to overcome the procedural default.

delivery" of cocaine with no mention of "purchase", then the prior conviction for sale or delivery of a controlled substance or for possession of a controlled substance with intent to sell or delivery are serious drug offenses under the ACCA).  Thus, had counsel objected to the use of Petitioner's prior conviction for delivery of cocaine on the basis that it was not a serious drug crime, the objection would have been ovverruled.  Accordingly, Petitioner has not demonstrated that counsel was deficient at sentencing or that prejudice resulted from counsel's performance, and claim five is denied.

### F.    *Claim Six*

Petitioner contends that counsel rendered ineffective assistance by failing to raise issues on appeal.  Specifically, Petitioner argues that counsel should have raised on appeal "the variable standards of exclusionary rule, the existing circuit precedent that the 1990 version of the Fla. Stat. § 893.13 is ambiguous, and the fundamentally unfair framework where an individual only learns of a mandatory minimum after pleading guilty."  (Doc. No. 1 at 23.)

As an initial matter, the Court notes that the portions of this claim concerning the variable standard of the exclusionary rule and Section 893.13, Florida Statutes are vague. To the extent Petitioner is complaining that counsel should have appealed the denial of his motion to suppress, Petitioner has not demonstrated that an appeal of the matter would have been successful.  There is no indication that this Court erred in denying Petitioner's motion to suppress. Similarly, as noted in claim five *supra,* convictions pursuant to Section 893.13, Florida Statutes for delivery of cocaine have been held to be serious drug offenses

under the ACCA.  Thus, counsel was not deficient for failing to raise these issues on appeal, nor has Petitioner established that he was prejudiced as a result.

With respect to Petitioner's contention that counsel should have argued on appeal that he was not informed of the mandatory minimum sentence until after he pled guilty, this argument is refuted by the record.  As discussed *supra* in claim three, Petitioner was advised at the plea hearing of the mandatory minimum sentence to which he would be subject if the Court determined the ACCA applied.  Counsel, therefore, had no basis on which to raise this issue, nor was Petitioner prejudiced as a result.  Accordingly, claim six is denied pursuant to *Strickland*.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:08-cr-54-Orl-31KRS and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 91) pending in that case.

4.      This Court should grant an application for certificate of appealability only if

the Petitioner makes "a substantial showing of the denial of a constitutional right."  28

U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[5]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

    **DONE AND ORDERED** in Orlando, Florida, this 10th day of April, 2014.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP1 4/7
Anthony Grant Jackson
Counsel of Record

---

[5]Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.